OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



October 22, 1999

The Honorable Ron Wilson
Chair, Licensing and Administrative
  Procedures Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0132

Re: Whether state officers and employees may enter into oral contracts on behalf of the state (RQ-0075-JC)

Dear Representative Wilson:

    You ask about the authority of state officers and employees to enter into oral contracts on behalf of the State of Texas. Because you do not ask about a contract for any specific purpose or about any specific state officer or employee, we provide you with the general legal principles on the authority of state agents to bind the state with oral contracts. On the whole, we think such authority is severely restricted. However, whether a state officer or employee has authority to enter into an oral contract in any particular circumstance must be determined based on the facts surrounding the contract formation and the law governing it.

    There are numerous limitations on the contracting authority of state officers and employees pertinent to your inquiry. First and foremost, no one has the authority to make a contract binding on the state unless authorized to do so by the constitution or by statute. *See State v. Ragland Clinic-Hosp.*, 159 S.W.2d 105, 106 (Tex. 1942); *Vitapro Foods, Inc. v. State*, 969 S.W.2d 84, 88 (Tex. App.–Texarkana 1998, pet. granted). Normally, authority to bind the state is given by the legislature to entities such as the governing boards of state agencies and to state officers, rather than to employees. In some instances, contracting authority granted to a governing board may be delegated to other officers or employees. For example, the Education Code allows the University of Houston board of trustees to delegate its contracting authority: "All contracts of the university shall be approved by a majority of the board. However, the board is authorized to adopt reasonable rules that delegate to the president or his authorized representatives the authority to negotiate, approve, and execute contracts." TEX. EDUC. CODE ANN. § 111.34 (Vernon 1991). Similarly, under the Government Code, "[t]he Texas Transportation Commission may delegate to one or more employees of the Texas Department of Transportation the authority to approve vouchers for expenditures from the state highway fund and the authority to approve and sign contracts and other documents." TEX. GOV'T CODE ANN. § 2103.064 (Vernon Supp. 1999). All state officers and employees are potentially able to bind the state, but to do so they must be able to point to some constitutional or statutory authority for their actions.

Apparent authority is not enough to make an obligation binding upon the state; an officer or employee must have actual authority to do so. *Vitapro*, 969 S.W.2d at 88. In a contract between private parties, an agent who has no actual authority to bind his principal can nevertheless bind the principal if the principal leads the other party to believe that the agent had the authority to act on the principal's behalf. *See Moody v. E.M.C. Servs., Inc.*, 828 S.W.2d 237, 241 (Tex. App.–Houston [14th Dist.] 1992, writ denied). In such a case, the principal is estopped from claiming that the agent had no authority to act on the principal's behalf. *Id.* But the powers of state officers are set by law and all persons dealing with them are charged with notice of the limits of their authority and are bound at their peril to ascertain whether a contemplated contract is within the power conferred. *Ragland Clinic-Hosp.*, 159 S.W.2d at 107; *Vitapro*, 969 S.W.2d at 88. Thus, even if a state officer or employee appears to have authority to bind the state, the state will not be bound unless the officer or employee had actual authority to bind the state.

Second, the subjects of state contracts, the procedure for entering into contracts, and the general policy relating to contracts are all within the power of the Legislature to establish. *See Texas Nat'l Guard Armory Bd.*, 126 S.W.2d at 637. Although an oral contract is normally just as binding and enforceable as a written contract, *see Ward v. Strickland*, 177 S.W.2d 79, 82 (Tex. Civ. App.–Dallas 1943, writ ref'd), the authority of a person or entity to enter into an oral contract on behalf of the state may be restricted by the constitution or by statute or regulation.

While no general state law prohibits oral contracts from binding the state, it is not uncommon for a statute that authorizes a contract to require the contract to be in writing. For example, the Health and Safety Code authorizes the Low-Level Radioactive Waste Disposal Authority to enter into certain construction contracts, but requires that any contract be in writing: "A construction contract must be in writing and signed by a representative of the authority and the contractor." TEX. HEALTH & SAFETY CODE ANN. § 402.187(a) (Vernon 1992). Various competitive bidding statutes similarly require a state agency to make a written award of a contract. *See, e.g.*, TEX. GOV'T CODE ANN. § 2156.125 (Vernon 1999); TEX. TRANSP. CODE ANN. § 223.156 (Vernon 1999). Even where a statute does not expressly require a contract to be in writing, other requirements may, as a practical matter, involve some type of paperwork or other written memorialization of the agreement. State procurement statutes, for example, include such requirements as the submission of invoices and sealed bids for goods or services to be provided to the state. *See, e.g.*, TEX. GOV'T CODE ANN. §§ 2155.381, 2156.005 (Vernon 1999).

Furthermore, a contract may be subject to the Statute of Frauds. If so, it is not enforceable unless it is in writing and signed. The Statute of Frauds refers collectively to laws that are designed to prevent fraud and perjury in certain types of transactions by requiring the agreement of parties to be evidenced by a writing signed by them. *See Davis v. Crockett*, 398 S.W.2d 302, 305 (Tex. Civ. App.–Dallas 1965, no writ). Contracts subject to the Statute of Frauds include a contract for the sale of goods for the price of $500 or more, *see* TEX. BUS. & COM. CODE ANN. § 2.201 (Vernon 1994), an agreement that is not to be performed within one year, *id.* § 26.01, and a contract for the sale of real estate, *id.*, among others.

Lastly, although a state officer or employee may, assuming constitutional and statutory authority to do so, enter into an oral contract, the contract may not be enforced against the state in court unless the state, through the legislature, waives sovereign immunity and consents to be sued. The doctrine of sovereign immunity embraces two principles: immunity from liability and immunity from suit. *See Federal Sign v. Texas S. Univ.*, 951 S.W.2d 401, 405 (Tex. 1997). Immunity from suit bars a suit against the state unless the state expressly gives its consent to the suit, while immunity from liability protects the state from judgments even if the state has expressly consented to be sued. *Id.* When the state contracts with a private citizen, the state waives its immunity from liability. *Id.* at 405-06. The state does not, however, waive its immunity from suit. *Id.* at 408. Thus, while the state is liable on contracts made for its benefit as if it were a private person, a private person must have legislative consent to sue the state on a breach of contract claim.

In sum, while we think that the circumstances are rare under which a state officer or employee could bind the state with a purely oral contract, the possibility nevertheless exists. Provided the officer or employee is authorized to make the contract on behalf of the state, an oral contract is as valid as a written contract absent a requirement that the contract be in writing. Such a contract may not be enforced against the state in court, however, unless the state waives sovereign immunity and consents to be sued. Whether any particular contract, oral or written, is binding and enforceable upon the state must be determined based on the facts surrounding the contract and the law governing it.

## S U M M A R Y

A state officer or employee may not enter into a contract that is binding upon the State of Texas unless authorized to do so by the Texas Constitution or by statute. Provided the officer or employee is authorized to make the contract on behalf of the state, and provided any constitutional, statutory, and regulatory requirements are met, an oral contract is as valid as a written contract absent a requirement that the contract be in writing. Such a contract may not be enforced against the state, however, unless the state waives sovereign immunity and consents to be sued.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Barbara Griffin
Assistant Attorney General - Opinion Committee